UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.                                                      Criminal No. 08-251 (JNE/JJG)
                                                     ORDER

Jeffrey Scot Graham,

        Defendant.

     This case is before the Court on Jeffrey Scot Graham's motion to withdraw his guilty plea. On October 9, 2009, Graham pleaded guilty to one count of wire fraud and one count of aggravated identity theft. On May 7, 2010, the Court sentenced Graham to 33 months' imprisonment for the wire fraud count and 24 months' imprisonment for the aggravated identity theft count, to be served consecutively. The Court entered judgment on May 17, 2010. On May 19, 2010, Graham filed a notice of appeal. On November 12, 2010, Graham filed a motion to withdraw his guilty plea with this Court. Three days later, he filed a motion to stay his appeal with the Eighth Circuit Court of Appeals. The Eighth Circuit denied his motion to stay and Graham subsequently moved to dismiss his appeal. On January 4, 2011, Graham filed a second motion to withdraw his guilty plea pursuant to Rule 11 and Rule 32(d) of the Federal Rules of Criminal Procedure. In the alternative, Graham "requests to proceed in setting aside said judgment" pursuant to Rule 32(e) and 28 U.S.C. § 2255. On January 10, 2011, the Eighth Circuit dismissed Graham's appeal.

     Graham's motion to withdraw his guilty plea is most appropriately construed as a petition for relief pursuant to § 2255. *See* Fed. R. Crim. P. 11(e) ("After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack."); *Castro v. United States*, 540 U.S. 375, 381-82 (2003)

(explaining that federal courts can reclassify motions to "create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis").  When a district court intends to reclassify a pro se litigant's pleading as a § 2255 habeas petition, it must first take two steps.  *See Morales v. United States*, 304 F.3d 764, 767 (8th Cir. 2002).  First, the court must warn the litigant—and Graham is hereby warned—that federal law imposes substantial restrictions on the filing of "second or successive" § 2255 motions, and that he must therefore include all of his collateral claims in a single application for post-conviction relief.  If Graham has not included all of his collateral claims in his current motion, he may want to consider withdrawing the motion, to avoid losing any claims under the rules governing successive § 2255 motions.  Graham is also warned of the one-year statute of limitations that applies to § 2255 motions.  *Id.*

Second, the Court must provide the litigant with "an opportunity to either consent to the reclassification or withdraw his motion." *Id.*  If Graham wishes to withdraw his current motion, he must do so, in writing, within 28 days from the date of this Order.  If Graham does not file a timely written notice that clearly indicates his intent to withdraw his motion, the Court will deem him to have consented to the reclassification of his motion to withdraw his guilty plea as a motion for relief under § 2255.

IT IS SO ORDERED.

Dated:  June 2, 2011

s/ Joan N. Ericksen  
JOAN N. ERICKSEN  
United States District Judge