UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

   Plaintiff,

v.                Criminal No. 08-251 (JNE/JJG)
                  ORDER

Jeffrey Scot Graham,

   Defendant.

   This case is before the Court on Defendant Jeffrey Scot Graham's motion to withdraw his guilty plea. On June 2, 2011, the Court issued an order warning Graham of its intention to construe his motion as a petition for relief pursuant to 28 U.S.C. § 2255 and giving him twenty-eight days to withdraw his motion if he wished to avoid this construction. Twenty-eight days passed on June 30, 2011, and Graham has made no request to withdraw his motion.

   The Court hereby construes Graham's motion to withdraw his guilty plea as a petition for habeas corpus relief pursuant to 28 U.S.C. § 2255. *See* Fed. R. Crim. P. 11(e) ("After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may be set aside only on direct appeal or collateral attack."). The Court finds that no evidentiary hearing is warranted, *see Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998), and denies the motion for the reasons stated in the Government's brief.

   Because the Court has determined Graham's motion to be a § 2255 motion, it must also decide whether a certificate of appealability should issue. An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right. § 2253(c)(2). This requires a petitioner to "demonstrate that reasonable jurists would find the

1

district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Here, Graham has made no such demonstration.  Therefore, the Court declines to issue a certificate of appealability.

Graham has also filed a motion, and submitted three letters to the Court, seeking the appointment of counsel.  The Court denies this motion.  *See United States v. Craycraft*, 167 F.3d 451, 455 (8th Cir. 1999) ("[T]here is no general right to counsel in post-conviction habeas proceedings for criminal defendants.").

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Graham's motion to withdraw his guilty plea [Docket Nos. 94, 98] is DENIED.

2. Graham's motion for appointment of counsel [Docket No. 104] is DENIED.

3. Graham is not entitled to a certificate of appealability.

Dated:  July 11, 2011

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge