UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

   Plaintiff,

v.                  Civil No. 08-251 (JNE/JJG)
                    ORDER

Jeffrey Scot Graham,

   Defendant.

   This matter is before the Court on Jeffrey Scot Graham's pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.  For the reasons discussed below, the Court denies Graham's motion without an evidentiary hearing.

## I. BACKGROUND

   On October 9, 2009, Graham pleaded guilty to one count of wire fraud (Count 27 of the Second Superseding Indictment) and one count of aggravated identity theft (Count 54 of the Second Superseding Indictment) in violation of 18 U.S.C. § 1343 and § 1028A(a)(1), pursuant to a written plea agreement.

   The sentencing hearing took place on May 7, 2010.  The aggravated identity theft conviction carried a mandatory sentence of twenty-four months, to be served consecutively to any other sentence.  The parties agreed that the base offense level for the wire fraud conviction was 7.  The government initially sought a two-level increase based on the number of victims, but did not pursue this request.  The government also sought a twelve-level increased based on a loss amount between $200,000 and $400,000, which was contested by the Defendant.   After conducting an evidentiary hearing on the loss amount, the Court applied the twelve-level enhancement.

The plea agreement provided that the government would recommend a three-point reduction for acceptance of responsibility, as long as "the defendant commit[ted] no further acts inconsistent with acceptance of responsibility." During the sentencing hearing, the Defendant made several false statements under oath, resulting in the government's withdrawal of its recommendation for the three-point reduction for acceptance of responsibility. The Court noted that it was "unusual to give three points under these circumstances," but nevertheless exercised its discretion to award a two-point reduction. This resulted in a total offense level for Count 27 of 17, which carried a guideline imprisonment range of 27 to 33 months.[1] The Court sentenced Graham to 33 months on Count 27 and the mandatory consecutive 24 months on Count 54, resulting in a total sentence of 57 months. He was also ordered to pay restitution of $105,338.62.

The Court entered judgment on May 17, 2010. On May 19, 2010, Graham filed a notice of appeal. Graham's attorney filed an opening brief with the Eight Circuit Court of Appeals on July 23, 2010. On August 2, 2010, Graham sought leave to remove his appellate counsel, proceed pro se on appeal, and file a supplemental opening brief raising additional claims. The Eighth Circuit granted Graham's requests on August 6, 2010. On November 12, 2010, Graham filed a motion to withdraw his guilty plea with this Court. Three days later, he filed a motion to stay his appeal with the Eighth Circuit Court of Appeals. The Eighth Circuit denied his motion to stay on December 6, and Graham subsequently moved to dismiss his appeal. On January 10, 2011, the Eighth Circuit dismissed Graham's appeal.

On January 4, 2011, Graham filed a second motion to withdraw his guilty plea. On June 2, 2011, the Court issued an Order giving Graham twenty-eight days to withdraw his motion before reclassifying the motion as a petition for relief pursuant to § 2255. Twenty-eight days

---

[1]  The Criminal History Category was II.

passed without a response, and on July 11, 2011, the Court issued an Order denying Graham's motion. On July 18, 2011, the Clerk of Court received a motion by Graham for rescission of the July 11 Order, in which Graham asserted he had not received the June 2 Order. On July 20, the Court granted Graham's motion to rescind and restarted the twenty-eight day period. Graham filed a motion to withdraw his motions on August 15, which the Court granted on August 22.

In October 2011, Graham attempted to pursue a second direct appeal in the Eighth Circuit. The Eighth Circuit denied his request on November 1, 2011. On December 5, Graham filed a motion to reconsider; the Eighth Circuit denied this motion on December 7, 2011. On November 23, 2011, Graham filed this pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He initially made three claims: (1) that the government breached the plea agreement; (2) that the Court improperly applied a two-level enhancement for number of victims;[2] and (3) that the Court ordered restitution without an adequate factual basis. Graham no longer contests the second and third claims, but continues to assert that the government breached the plea agreement by withdrawing its motion for a three-level reduction for acceptance of responsibility.

## II.     DISCUSSION

**A. Alleged Breach of Plea Agreement**

Section 2255 provides that a federal prisoner may collaterally attack his sentence on the ground that the sentence was imposed in violation of the Constitution or federal laws. 28 U.S.C. § 2255 (2006). A prisoner is entitled to an evidentiary hearing under § 2255 "unless the motion, files, and records of the case conclusively show that the prisoner is not entitled to relief." *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). "[A] petition can be dismissed

---

[2] The government withdrew its motion for the two-level enhancement, and so the Court did not apply such an enhancement in this case.

3

without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id.*

The government contends that Graham waived his argument regarding the alleged breach of the plea agreement by failing to raise it on direct appeal. A defendant's failure to raise an issue on direct appeal constitutes a procedural default barring him from raising it for the first time in a § 2255 motion. *Matthews v. United States*, 114 F.3d 112, 113 (8th Cir. 1997). A defendant may, however, overcome a procedural default if he can show a cause that excuses the default and actual prejudice from the alleged error, or that he is "actually innocent." *Bousley v. United States*, 523 U.S. 614, 622 (1998); *see also Matthews*, 114 F.3d at 113. As the government explains in its Memorandum in Opposition to Graham's Motion to Vacate, Graham did not raise his argument regarding the government's alleged breach of the plea agreement in his direct appeal to the Eighth Circuit, nor has he shown "cause" and "prejudice" or "actual innocence." Thus, the Court finds that Graham's claim is procedurally defaulted. Moreover, even if the Court were to address the merits of Graham's claim, his claim would still fail, for the reasons set forth in the government's memorandum.

**B. Certificate of Appealability**

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1) (2006); Fed. R. App. P. 22(b)(1). A court cannot grant a certificate of appealability unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires a petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where

a district court rejects claims on procedural grounds, a certificate of appealability "should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Here, Graham has not made any such showing. Therefore, the Court declines to issue a certificate of appealability.

## C.  CONCLUSION

The Court determines that no evidentiary hearing is necessary to assess Graham's § 2255 motion because the motion, files and records of the case conclusively show that he is not entitled to relief. Accordingly, based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Graham's Pro Se Motion to Vacate under 28 U.S.C. § 2255 [Docket No. 115] is DENIED.

2. Graham is not entitled to a certificate of appealability.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: March 15, 2012

s/ Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge
